UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-CV-21176-DPG

DAVID JANNETTI, SARAH LYN
JANNETTI, ADAM JANNETTI, and
LEAH JANNETTI,

    Petitioners,

v.

STIFEL, NICOLAUS & CO., INC.,

    Respondent.
_____/

## RESPONSE AND DEFENSES TO PETITION TO CONFIRM ARBITRATION AWARD AND MOTION TO STAY

Respondent Stifel, Nicolaus & Co., Inc. ("Stifel") hereby files the following response to the Petition to Confirm Arbitration Award (Dkt. 1) (the "Petition") and also moves the Court to stay the confirmation proceedings until it decides Stifel's Motion to Vacate Arbitration Award ("Motion to Vacate") filed contemporaneously therewith.

### STIFEL'S RESPONSE

### Introduction

1.    Stifel admits that Petitioners David Jannetti, Sarah Lyn Jannetti, Adam Jannetti, and Leah Jannetti (collectively, "Petitioners") maintained brokerage accounts at Stifel and that they sustained market losses on structured notes and equities. Stifel denies the rest of the allegations in Paragraph 1 of the Petition.

2.    Admitted.

3. Stifel admits the allegations in Paragraph 3 of the Petition except Stifel states that the parties presented 12 witnesses and Stifel did not accept the composition of the three-member panel.

4. Stifel admits that a FINRA arbitration panel issued an award against Stifel on March 12, 2025 (the "Award"), and that Exhibit A to the Petition (Dkt. 1-3) contains a true and accurate copy of the Award. Stifel is contemporaneously moving to vacate the Award, which speaks for itself. Stifel denies the rest of the allegations in Paragraph 4 of the Petition.

### Parties

5. Stifel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Petition and therefore denies them.

6. Stifel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Petition and therefore denies them.

7. Stifel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Petition and therefore denies them.

8. Stifel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Petition and therefore denies them.

9. Admitted.

### Subject Matter Jurisdiction

10. Paragraph 10 of the Petition contains a statement of law that can neither be admitted nor denied, but Stifel does not contest this Court's jurisdiction.

11. Admitted for jurisdictional purposes only.

### Venue

12. Admitted for venue purposes only.

**Facts**

13. Paragraph 13 of the Petition contains a statement of law that can neither be admitted nor denied, but Stifel does not contest that Petitioners were required to arbitrate the underlying dispute with Stifel.

14. Admitted.

15. Admitted.

16. Stifel admits that a FINRA arbitration panel issued the Award, which speaks for itself, but Stifel states that it did not accept the composition of the three-member panel. Stifel is contemporaneously moving to vacate the Award. Stifel denies that the award of damages under the Florida Securities Investor Protection Act were compensatory.

17. The first sentence of Paragraph 17 of the Petition contains a statement of law that can neither be admitted nor denied. Stifel denies the second sentence of Paragraph 17 of the Petition and refers the Court to the contemporaneously filed Motion to Vacate, which Stifel incorporates herein.

18. Paragraph 18 of the Petition contains legal conclusions that can neither be admitted nor denied. To the extent an answer is required, Stifel denies the allegations in Paragraph 18 of the Petition.

19. Paragraph 19 of the Petition contains legal conclusions that can neither be admitted nor denied. To the extent an answer is required, Stifel denies the allegations in Paragraph 19 of the Petition.

20. Paragraph 20 of the Petition contains legal conclusions that can neither be admitted nor denied. To the extent an answer is required, Stifel denies the allegations in Paragraph 20 of the Petition.

21. Stifel admits that Petitioners seek confirmation of the Award. Stifel denies that Petitioners are entitled to confirmation of the Award for the reasons outlined in the contemporaneously filed Motion to Vacate.

22. Stifel admits that Petitioners are seeking certain relief, but denies that Petitioners are entitled to the relief requested in Paragraph 22 of the Petition or any sub-paragraphs.

23. In response to the WHEREFORE paragraph of the Petition, Stifel denies that Petitioners are entitled to any of the relief sought.

24. Stifel denies any allegations in the Petition that are not expressly admitted.

## STIFEL'S DEFENSES

Under the Federal Arbitration Act ('FAA"), a court must confirm the award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Simultaneously with the filing of this Response, Stifel has filed a motion to vacate or modify the Award under 9 U.S.C. §§ 10 and 11. (*See* Motion to Vacate, filed May 16, 2025 (Dkt. No. TBD). As discussed more fully in the Motion to Vacate, this Court should vacate or modify the Award under the FAA because: (1) there was "evident partiality . . . in the arbitrators, or either of them," (2) the arbitrators "refused to hear evidence pertinent and material to the controversy" and/or committed "misbehavior" by which "the rights of [Stifel] have been prejudiced," (3) the arbitrators "exceeded their powers" and "imperfectly executed" the Award, and (4) the arbitrators "awarded upon a matter not submitted to them." *See* 9 U.S.C. §§ 10(a)(2)-(4), 11(b). Because the Award should be vacated for the reasons discussed in the Motion to Vacate, this Court should deny the Petition. *See* 9 U.S.C. §§ 9, 10, 11.

## **MOTION FOR STAY**

The FAA allows a court, upon a motion to vacate or modify an arbitration award, to "make an order . . . staying the proceedings of the adverse party to enforce the award." 9 U.S.C. § 12. Because Stifel has filed a motion to vacate or modify the Award, Stifel respectfully requests that this Court stay the confirmation proceedings until it rules on the Motion to Vacate. *See McLaurin v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1239 (11th Cir. 2021) ("[I]f the losing party files a timely motion [to vacate], it may ask the court to stay the proceedings to confirm the award until the court rules on the separate motion to vacate, modify, or correct." (citing 9 U.S.C. § 12)).

Respectfully submitted May 16, 2025.

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: /s/ Michael N. Kreitzer
**MICHAEL N. KREITZER**
Florida Bar No. 705561
kreitzerm@gtlaw.com
moisem@gtlaw.com
flservice@gtlaw.com
**PHILLIP M. SOVEN**
Florida Bar No. 1035504
phil.soven@gtlaw.com
moisem@gtlaw.com

G. Wayne Hillis, Jr. (*admitted pro hac vice*)
Scott E. Zweigel (*admitted pro hac vice*)
V. Justin Arpey (*admitted pro hac vice*)
**BRADLEY ARANT BOULT CUMMINGS LLP**
Promenade Tower, 21st Floor
1230 Peachtree Street NE
Atlanta, GA 30309
Telephone: (404) 868-2001
Facsimile: (404) 868-2010
whillis@bradley.com
szweigel@bradley.com

        jarpey@bradley.com

Robert A. Sacks
(*pro hac vice admission pending*)
Robert M.W. Smith
(*pro hac vice admission pending*)
sacksr@sullcrom.com
smithrob@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067-1725
Telephone: (310) 712-6600
Facsimile: 310-712-8800

*Attorneys for Respondent Stifel, Nicolaus & Co., Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was e-filed this May 16, 2025, and served to counsel of record for all parties via the Court's CM/ECF system.

        */s/ Michael N. Kreitzer*
        MICHAEL N. KREITZER