UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID JANNETTI, SARAH LYN
JANNETTI, ADAM JANNETTI, and
LEAH JANNETTI,

    Petitioners,

v.

STIFEL, NICOLAUS & CO., INC.,

    Respondent.
_____/

Case No.: 1:25-CV-21176-DPG

**PETITIONERS' NOTICE OF RESPONSE TO
RESPONDENT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

    Petitioners David Jannetti, Sarah Lyn Jannetti, Adam Jannetti and Leah Jannetti respectfully submit this notice of their response to the purported supplemental authority filed by Respondent Stifel, Nicolaus & Co., Inc. ("Stifel") [ECF No. 47], and in support thereof, state as follows:

    1.    The decision submitted by Stifel as purported authority supporting its motion to vacate -- a decision by the Director of FINRA Dispute Resolution Services in *Mark Sustana v. Stifel, Nicolaus & Co., Inc.*, FINRA Arb. 25-01756 -- does not support the relief requested by Stifel.  In fact, the procedural and substantive distinctions between that decision and this case confirm that the Award should be confirmed in its entirety.

    2.    As an initial matter, the request at issue in *Sustana* involved removal of an arbitrator from a list of potential arbitrators *prior* to the ranking of arbitrators and the commencement of the hearing.  Thus, the request was decided under the standard set forth in FINRA Rule 12407(a), which permits removal if it is "reasonable to infer" the *potential* arbitrator is biased.  (*See*

Petitioners' Corrected Memorandum of Law [ECF No. 39] ("Pet. Mem."), Ex. 32.).[1]  Here, of course, Stifel sought to remove Charny *after* commencement of the hearing (and after Stifel strategically ranked Charny in the hopes of obtaining favorable rulings in similar cases).  Thus, Stifel's request to remove Charny was properly denied under Rule 12407(b), which only permits removal of an empaneled arbitrator after the first hearing begins if the arbitrator files to disclose "information required to be disclosed under Rule 12405 that was not previously known by the parties."  (*Id.*; *see also* Pet. Mem., Section II.A.)

3.  Moreover, the standard under FINRA Rule 12407(a) for removal of a *potential* arbitrator is less strict than the standard to vacate an arbitration award for evident partiality of an arbitrator under the FAA.  Indeed, Rule 12407(a) permits removal from the list of potential arbitrators if it is "reasonable to infer" bias (Pet. Mem., Ex. 32), while the FAA requires evidence of a bias that is direct, definite and capable of demonstration.  To that end, the FINRA Director in *Sustana* based his ruling on his conclusion that the potential arbitrator "may be" biased, which is precisely the type of speculative and uncertain conclusion that cannot support a finding of evident bias under the FAA.  Putting aside whether the FINRA Director's ruling in *Sustana* is correct as a matter of law, the ruling merely constitutes the FINRA Director's interpretation of a FINRA Rule relating to removal of a potential arbitrator (while applying a different standard).  As such, it is an administrative decision in a separate arbitration that has no precedential value.  Thus, it is not controlling -- or even persuasive -- with respect to the law applicable to vacatur of an entire arbitration award based on evident partiality of an arbitrator.  The overwhelming body of caselaw

---

[1] In this regard, the *Sustana* decision is similar to the *Diamantopoulos* FINRA decision cited by Stifel, and it is inapposite for the same reason.  (*See* Pet. Mem., at 16 n. 11.)

makes clear that an arbitrator's prior adverse ruling is not remotely sufficient to establish evident partiality.  (*See* Pet. Mem., Section II.B.)

| | |
|---|---|
| Dated:  November 7, 2025 | Respectfully submitted,<br><br>MINSKER LAW PLLC<br><br>By: */s/ Jonathan E. Minsker*<br>Jonathan E. Minsker<br>Florida Bar No. 0038120<br>1100 Biscayne Blvd., Ste. 3701<br>Miami, Florida 33132<br>Telephone: (786) 988-1020<br>jminsker@minskerlaw.com<br><br>*Attorney to Petitioners David Jannetti, Sarah Lyn Jannetti, Adam Jannetti and Leah Jannetti*<br><br>-and-<br><br>Jeffrey Erez, Esq.<br>Florida Bar No.: 0102369<br>Stefan Apotheker, Esq.<br>Florida Bar No.: 0012502<br>EREZ LAW, PLLC<br>One Downtown<br>1 SE 3rd Avenue, Suite 1670<br>Miami, Florida 33131<br>Telephone Number: (305) 728-3320<br>Toll Free Number: (888) 840-1571<br>Facsimile Number: (786) 842-7549<br>jerez@erezlaw.com<br>sapotheker@erezlaw.com<br><br>*Attorneys to Petitioners David Jannetti, Sarah Lyn Jannetti, Adam Jannetti and Leah Jannetti*<br><br>-and-<br><br>Melanie E. Damian<br>Florida Bar No. 99392<br>DAMIAN \| VALORI \| CULMO |

3

        1000 Brickell Avenue, Suite 1020
        Miami, Florida 33131
        Telephone: (305) 371-3960
        Facsimile: (305) 371-3965
        mdamian@dvllp.com

*Attorneys to Petitioners David Jannetti, Sarah Lyn Jannetti, Adam Jannetti and Leah Jannetti*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Petitioners' Notice of Response to Respondent's Notice of Supplemental Authority was served on this 7th day of November 2025 on all counsel of record via the Court's CM/ECF system.

*/s/ Jonathan E. Minsker*
Jonathan E. Minsker