UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID JANNETTI, SARAH LYN
JANNETTI, ADAM JANNETTI, and
LEAH JANNETTI,

    Petitioners,

v.

STIFEL, NICOLAUS & CO., INC.,

    Respondent.

                                     /

Case No.: 1:25-CV-21176-DPG

**PETITIONERS' REVISED NOTICE OF RESPONSE TO
RESPONDENT'S NOTICE OF SUPPLEMENTAL AUTHORITY[1]**

The administrative decision submitted by Respondent is inapplicable. *Sustana* involved removal of a potential arbitrator *prior* to the ranking of arbitrators. The request was decided under Rule 12407(a), which permits removal if it is "reasonable to infer" the *potential* arbitrator is biased. Here, Respondent sought to remove Charny *after* commencement of the first hearing session (and after Respondent ranked Charny). Respondent's request was denied under Rule 12407(b), which permits removal of an arbitrator after the hearing begins only if the arbitrator fails to disclose information required to be disclosed that was not previously known by the parties.

Moreover, the Rule 12407(a) removal standard is less strict than the FAA standard to

---

[1] Respondent filed its notice of supplemental authority on October 30, 2025. [ECF No. 47.] Petitioners initially filed their response on November 7, 2025. [ECF No. 48.] The response was filed one day late under Local Rule 7.8 due to a family medical emergency affecting the undersigned counsel. Petitioners have withdrawn their initial response because it exceeded the word limit imposed by Local Rule 7.8. [ECF No. 49.] Petitioners submit this revised response in its stead, and apologize to the Court for the inconvenience.

vacate for evident partiality. Rule 12407(a) permits removal if it is "reasonable to infer" bias, while the FAA requires evidence of bias that is direct and definite. The Director in *Sustana* ruled that the potential arbitrator "may be" biased, which is the type of speculation that cannot support a finding of evident bias under the FAA. Thus, the ruling constitutes an administrative decision that has no precedential value. It is not controlling -- or persuasive -- with respect to vacatur based on evident partiality. (*See* Pet. Mem., Section II.B.)

Dated: November 10, 2025

Respectfully submitted,

MINSKER LAW PLLC

By: */s/ Jonathan E. Minsker*
Jonathan E. Minsker
Florida Bar No. 0038120
1100 Biscayne Blvd., Ste. 3701
Miami, Florida 33132
Telephone: (786) 988-1020
jminsker@minskerlaw.com

*Attorney to Petitioners David Jannetti, Sarah Lyn Jannetti, Adam Jannetti and Leah Jannetti*

-and-

Jeffrey Erez, Esq.
Florida Bar No.: 0102369
Stefan Apotheker, Esq.
Florida Bar No.: 0012502
EREZ LAW, PLLC
One Downtown
1 SE 3rd Avenue, Suite 1670
Miami, Florida 33131
Telephone Number: (305) 728-3320
Toll Free Number: (888) 840-1571
Facsimile Number: (786) 842-7549
jerez@erezlaw.com
sapotheker@erezlaw.com

*Attorneys to Petitioners David Jannetti, Sarah Lyn Jannetti, Adam Jannetti and Leah Jannetti*

-and-

Melanie E. Damian
Florida Bar No. 99392
DAMIAN | VALORI | CULMO
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
mdamian@dvllp.com

*Attorneys to Petitioners David Jannetti, Sarah  Lyn Jannetti, Adam Jannetti and Leah Jannetti*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petitioners' Revised Notice of Response to Respondent's Notice of Supplemental Authority was served on this 10th day of November, 2025 on all counsel of record via the Court's CM/ECF system.

/s/ Jonathan E. Minsker
Jonathan E. Minsker