UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID JANNETTI, SARAH LYN
JANNETTI, ADAM JANNETTI, and
LEAH JANNETTI,

       Petitioners,

v.

STIFEL, NICOLAUS & CO., INC.,

       Respondent.

_____/

Case No.: 1:25-CV-21176-DPG/EIS

## PETITIONERS' MOTION FOR ENTRY OF FINAL JUDGMENT

Petitioners David Jannetti, Sarah Lyn Jannetti, Adam Jannetti and Leah Jannetti, pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 *et seq.* ("FAA"), and Fed. R. Civ. P. 58, respectfully submit their Motion for Entry of Final Judgment, and in support thereof, state as follows:

1.      On March 12, 2025, a FINRA arbitration panel issued an award in favor of Petitioners, and against Respondent (the "Award"). The Award, which is attached hereto as Exhibit A, provides as follows:

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent is liable for and shall pay to Claimant D. Jannetti the sum of $26,123,965.00 in compensatory damages.

2. Respondent is liable for and shall pay to Claimant L. Jannetti the sum of $127,501.00 in compensatory damages.

3. Respondent is liable for and shall pay to Claimant A. Jannetti the sum of $127,164.00 in compensatory damages.

4. Respondent is liable for and shall pay to Claimant S. Jannetti the sum of $125,662.00 in compensatory damages.

5. Respondent is liable for and shall pay to Claimants interest on the above-stated sums at the Florida Statutory rate pursuant to Florida Statutes Chapter 517 from the date the Award in this case is entered until the Award is paid in full.

6. Pursuant to Common Law and Florida Statutes Sections 768.72, 768.73 and specifically 768.72 (2)(a), and Chapter 517, Respondent is liable for and shall pay punitive damages to:  Claimant D. Jannetti in the sum of $78,371,895.00; Claimant L. Jannetti in the sum of $382,503.00; Claimant A. Jannetti in the sum of $381,492.00; and Claimant S. Jannetti in the sum of $376,986.00. Respondent had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to Claimants would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in damage.  Respondent's egregious conduct included but was not limited to: (1) overconcentration of Claimants' accounts in Structured Notes and overconcentration of Claimants' accounts in limited industries; (2) choosing not to send an Over Concentration Letter on October 21, 2021, based on a specific phone conference with Claimants despite evidence that Respondent's notes of the conference confirm the subject of over concentration was not discussed or addressed; (3) disregarding Respondent's investment philosophy in Claimants' Solutions Account; (4) placing the financial interest of Respondent ahead of the interests of Claimants; (5) permitting/encouraging leverage absent a reasonable basis to believe Claimants had the financial ability to meet such commitments in violation of FINRA Rule 2111 as well as Respondent's Stated Guidelines; (6) violating its fiduciary duty owed to Claimants; (7) failing to exercise heightened supervision including re-training as required; (8) permitting and encouraging offering of "custom" structured note products via texts in violation of the Securities and Exchange Commission recordkeeping requirements which texts contained inaccurate and misleading terminology; (9) the branch manager had no knowledge that Unnamed Person Roberts was required to have heightened supervision; and (10) Claimants were not advised that Unnamed Person Roberts decided to stop offering single stock structured notes.

7. Respondent is liable for and shall pay to each Claimant attorneys' fees and costs in the amount of 25% of the total compensatory damages and punitive damages awarded to each Claimant, pursuant to Florida Statutes Chapter 517.

8. Respondent shall pay Claimants the sum of $800.00, representing reimbursement of the non-refundable portion of the initial claim filing fee paid by Claimants to FINRA Dispute Resolution Services.

9. Any and all claims for relief not specifically addressed herein, including any requests for punitive damages, treble damages, and attorneys' fees, are denied.

(Exhibit A, at 2-3.)

2

2.      On  March 12, 2025, Petitioners filed a Petition to Confirm the Award (the "Petition to Confirm").  [ECF No. 1.]

3.      On May 16, 2025, Respondent filed a Motion to Vacate the Award (the "Motion to Vacate").  [ECF No. 27.]

4.      On August 4, 2025, Petitioners filed, among other things, a corrected Cross-Motion seeking post-Award prejudgment interest and sanctions (the "Cross-Motion").  [ECF No. 39.]

5.      On August 25, 2025, the Court entered an Order referring the Motion to Vacate to Magistrate Judge Eduardo I. Sanchez for issuance of a Report and Recommendation with respect to the Motion to Vacate.  [ECF No. 43.]

6.      On February 6, 2026, the Court entered an Order referring the Cross-Motion to Magistrate Judge Eduardo I. Sanchez for issuance of a Report and Recommendation with respect to the Cross-Motion.  [ECF No. 54.]

7.      On February 6, 2026, Magistrate Judge Sanchez issued a Report and Recommendation recommending that the Motion to Vacate be denied, that the Petition to Confirm be granted and that the Award be confirmed, that the Cross-Motion be granted to the extent Petitioners sought post-Award prejudgment interest, and that the Cross-Motion be denied to the extent Petitioners sought sanctions against Respondent (the "Report and Recommendation").  [ECF No. 55.]

8.      On February 20, 2026, Respondent filed objections to the Report and Recommendation.  [ECF No. 56.]

9.      On March 17, 2026, Petitioners filed a corrected response to the Report and Recommendations.  [ECF No. 60.]

10.     On March 24, 2026, the Court issued an Order adopting the Report and Recommendation in its entirety, granting the Petition to Confirm, denying the Motion to Vacate, granting the Cross-Motion as to the request for prejudgment interest, and denying the Cross-Motion as to the request for sanctions.  [ECF No. 61.]  The Court ordered that the case be closed for administrative purposes.  (*Id.*)

11.     Section 9, 9 U.S.C. § 9, of the FAA provides:  If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

12.     Pursuant to Fed. R. Civ. P. 58(a), "[e]very judgment and amended judgment must be set out in a separate document."  Moreover, Fed. R. Civ. P. 58(d) provides that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)."

WHEREFORE, Petitioners respectfully request that the Court enter a Final Judgment confirming the Award in its entirety, and awarding Petitioners pre-judgment interest on the entire amount of the Award from March 12, 2025, the date the award was issued, to the date judgment is entered by the Court, pursuant to Fla. Stat. § 55.03, as well as post-judgment interest pursuant

to 28 U.S.C. § 1961.[1]  A proposed Final Judgment is attached hereto as Exhibit C.

Dated:  April 3, 2026

Respectfully submitted,

MINSKER LAW PLLC


By: */s/ Jonathan E. Minsker*
Jonathan E. Minsker
Florida Bar No. 0038120
1100 Biscayne Blvd., Ste. 3701
Miami, Florida 33132
Telephone: (786) 988-1020
jminsker@minskerlaw.com

*Attorney to Petitioners David Jannetti, Sarah Lyn Jannetti, Adam Jannetti and Leah Jannetti*

-and-

Jeffrey Erez, Esq.
Florida Bar No.: 0102369
Stefan Apotheker, Esq.
Florida Bar No.: 0012502
EREZ LAW, PLLC
One Downtown
1 SE 3rd Avenue, Suite 1670
Miami, Florida 33131
Telephone Number: (305) 728-3320
Toll Free Number: (888) 840-1571
Facsimile Number: (786) 842-7549
jerez@erezlaw.com
sapotheker@erezlaw.com

*Attorneys to Petitioners David Jannetti, Sarah Lyn Jannetti, Adam Jannetti and Leah Jannetti*

-and-

Melanie E. Damian
Florida Bar No. 99392
DAMIAN | VALORI | CULMO

---

[1] A calculation of the prejudgment interest is attached hereto as Exhibit B.

1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
mdamian@dvllp.com

*Attorneys to Petitioners David Jannetti,
Sarah  Lyn Jannetti, Adam Jannetti and
Leah Jannetti*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing Motion for Entry of Final

Judgment was served on this 3rd day of April 2026 on all counsel of record via the Court's

CM/ECF system.

*/s/ Jonathan E. Minsker*
Jonathan E. Minsker

7