# EXHIBIT A

**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

<u>Claimants</u>                                                    <u>Case Number</u>: 23-01342
David Jannetti
Sarah Lyn Jannetti
Adam Jannetti
Leah Jannetti


     vs.


<u>Respondent</u>                                                 <u>Hearing Site</u>: Boca Raton, Florida
Stifel, Nicolaus & Co., Inc.

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customers vs. Member

This case was decided by an all-public panel.

## REPRESENTATION OF PARTIES

For Claimants David Jannetti ("D. Jannetti"), Sarah Lyn Jannetti ("S. Jannetti"), Adam Jannetti ("A. Jannetti) and Leah Jannetti ("L. Jannetti"): Jeffrey Erez, Esq. and Stefan Apotheker, Esq., Erez Law, PLLC, Miami, Florida.

For Respondent Stifel, Nicolaus & Co., Inc.: G. Wayne Hillis, Jr., Esq. and Justin Arpey, Esq., Bradley Arant Boult Cummings LLP, Atlanta, Georgia.

## CASE INFORMATION

Statement of Claim filed on or about: May 11, 2023.
Amended Statement of Claim filed on or about: July 13, 2023.
Second Amended Statement of Claim filed on or about: August 27, 2024.
D. Jannetti signed the Submission Agreement: May 11, 2023.
S. Jannetti signed the Submission Agreement: May 9, 2023.
A. Jannetti signed the Submission Agreement: May 6, 2023.
L. Jannetti signed the Submission Agreement: May 10, 2023.

Statement of Answer filed by Respondent on or about: July 12, 2023.
Stifel, Nicolaus & Co., Inc. signed the Submission Agreement: July 11, 2023.

FINRA Dispute Resolution Services
Arbitration No.  23-01342
Award Page 2 of 6

## CASE SUMMARY

In the Statement of Claim, as amended, Claimants asserted the following causes of action: breach of fiduciary duty; negligence; negligent supervision; fraud; breach of contract; and violation of the Florida Securities and Investor Protection Act. The causes of action relate to Claimants' investments in structured notes.

Unless specifically admitted in the Statement of Answer, Respondent denied the allegations made in the Statement of Claim, as amended, and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, as amended, Claimants requested: compensatory damages in excess of $5,000,000.00; punitive damages; interest; costs; attorneys' fees; and such other and further relief this Panel deems just and proper.

In the Statement of Answer, Respondent requested: denial of Claimants' claims in their entirety; an award which awards Claimants nothing; costs and attorneys' fees pursuant to Claimants' Client Agreements with Respondent and/or Fla. Stat. § 517.211(6); assessment of all FINRA fees against Claimants; and expungement on behalf of Unnamed Person Chuck Roberts ("Roberts") of all references to Occurrence Number 2275925 from Central Registration Depository ("CRD") registration records (CRD Number 2064602).

At the hearing, Respondent withdrew its request for expungement on behalf of Unnamed Person Roberts of Occurrence Number 2275925 with prejudice.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On or about August 27, 2024, Claimants filed an Unopposed Motion for Leave to File Claimants' Second Amended Statement of Claim. On or about September 9, 2024, the Panel issued an Order that granted the Motion for Leave to File Claimants' Second Amended Statement of Claim.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.  Respondent is liable for and shall pay to Claimant D. Jannetti the sum of $26,123,965.00 in compensatory damages.

2.  Respondent is liable for and shall pay to Claimant L. Jannetti the sum of $127,501.00 in compensatory damages.

FINRA Dispute Resolution Services
Arbitration No.  23-01342
<u>Award Page 3 of 6</u>

3.  Respondent is liable for and shall pay to Claimant A. Jannetti the sum of $127,164.00 in compensatory damages.

4.  Respondent is liable for and shall pay to Claimant S. Jannetti the sum of $125,662.00 in compensatory damages.

5.  Respondent is liable for and shall pay to Claimants interest on the above-stated sums at the Florida Statutory rate pursuant to Florida Statutes Chapter 517 from the date the Award in this case is entered until the Award is paid in full.

6.  Pursuant to Common Law and Florida Statutes Sections 768.72, 768.73 and specifically 768.72 (2)(a), and Chapter 517, Respondent is liable for and shall pay punitive damages to: Claimant D. Jannetti in the sum of $78,371,895.00; Claimant L. Jannetti in the sum of $382,503.00; Claimant A. Jannetti in the sum of $381,492.00; and Claimant S. Jannetti in the sum of $376,986.00. Respondent had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to Claimants would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in damage. Respondent's egregious conduct included but was not limited to: (1) overconcentration of Claimants' accounts in Structured Notes and overconcentration of Claimants' accounts in limited industries; (2) choosing not to send an Over Concentration Letter on October 21, 2021, based on a specific phone conference with Claimants despite evidence that Respondent's notes of the conference confirm the subject of over concentration was not discussed or addressed; (3) disregarding Respondent's investment philosophy in Claimants' Solutions Account; (4) placing the financial interest of Respondent ahead of the interests of Claimants; (5) permitting/encouraging leverage absent a reasonable basis to believe Claimants had the financial ability to meet such commitments in violation of FINRA Rule 2111 as well as Respondent's Stated Guidelines; (6) violating its fiduciary duty owed to Claimants; (7) failing to exercise heightened supervision including re-training as required; (8) permitting and encouraging offering of "custom" structured note products via texts in violation of the Securities and Exchange Commission recordkeeping requirements which texts contained inaccurate and misleading terminology; (9) the branch manager had no knowledge that Unnamed Person Roberts was required to have heightened supervision; and (10) Claimants were not advised that Unnamed Person Roberts decided to stop offering single stock structured notes.

7.  Respondent is liable for and shall pay to each Claimant attorneys' fees and costs in the amount of 25% of the total compensatory damages and punitive damages awarded to each Claimant, pursuant to Florida Statutes Chapter 517.

8.  Respondent shall pay Claimants the sum of $800.00, representing reimbursement of the non-refundable portion of the initial claim filing fee paid by Claimants to FINRA Dispute Resolution Services.

9.  Any and all claims for relief not specifically addressed herein, including any requests for punitive damages, treble damages, and attorneys' fees, are denied.

FINRA Dispute Resolution Services
Arbitration No.  23-01342
Award Page 4 of 6

## FEES

Pursuant to the Code of Arbitration Procedure, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | | |
|---|---|---|
| Initial Claim Filing Fee | =$ | 2,300.00 |
| Counterclaim Filing Fee | =$ | 1,600.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Respondent is assessed the following:

| | | |
|---|---|---|
| Member Surcharge | =$ | 3,850.00 |
| Member Process Fee | =$ | 7,050.00 |

### Late Pre-Hearing Cancellation Fees
Fees apply when a pre-hearing conference is cancelled within three business days of the scheduled conference:

| | | |
|---|---|---|
| January 26, 2024, cancellation requested by Parties | =$ | 100.00 |
| Total Late Pre-Hearing Cancellation Fees | =$ | 100.00 |

The Panel has assessed the total late pre-hearing cancellation fees to Respondent.

### Discovery-Related Motion Fees
Fees apply for each decision rendered on a discovery-related motion.

| | | |
|---|---|---|
| One (1) decision on a discovery-related motion on the papers with one (1) Arbitrator @ $200.00/decision | =$ | 200.00 |
| Claimants submitted one (1) discovery-related motion | | |
| Total Discovery-Related Motion Fees | =$ | 200.00 |

The Panel has assessed the total discovery-related motion fees to Respondent.

### Hearing Session Fees and Assessments
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

| | | |
|---|---|---|
| Two (2) pre-hearing sessions with a single Arbitrator @ $450.00/session | =$ | 900.00 |

Pre-Hearing Conferences: April 18, 2024             1 session
                                        September 3, 2024        1 session

FINRA Dispute Resolution Services
Arbitration No.  23-01342
<u>Award Page 5 of 6</u>

| | | | | |
|---|---|---|---|---|
| Two (2) pre-hearing sessions with the Panel @ $1,575.00/session | | | =$ | 3,150.00 |
| Pre-Hearing Conferences: | September 12, 2023 | 1 session | | |
| | October 2, 2024 | 1 session | | |

| | | | | |
|---|---|---|---|---|
| Thirty-Eight (38) hearing sessions @ $1,575.00/session | | | =$ | 59,850.00 |
| Hearings: | October 14, 2024 | 2 sessions | | |
| | October 15, 2024 | 2 sessions | | |
| | October 16, 2024 | 2 sessions | | |
| | October 17, 2024 | 2 sessions | | |
| | October 18, 2024 | 2 sessions | | |
| | October 21, 2024 | 2 sessions | | |
| | October 22, 2024 | 2 sessions | | |
| | October 23, 2024 | 2 sessions | | |
| | October 24, 2024 | 2 sessions | | |
| | October 25, 2024 | 2 sessions | | |
| | December 6, 2024 | 2 sessions | | |
| | December 9, 2024 | 2 sessions | | |
| | December 10, 2024 | 2 sessions | | |
| | December 11, 2024 | 2 sessions | | |
| | December 12, 2024 | 2 sessions | | |
| | December 13, 2024 | 2 sessions | | |
| | January 22, 2025 | 2 sessions | | |
| | January 23, 2025 | 2 sessions | | |
| | January 24, 2025 | 2 sessions | | |

| | | | |
|---|---|---|---|
| Total Hearing Session Fees | | =$ | 63,900.00 |

The Panel has assessed the total hearing session fees to Respondent.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

FINRA Dispute Resolution Services
Arbitration No.  23-01342
<u>Award Page 6 of 6</u>

## <u>ARBITRATION PANEL</u>

| | | |
|---|---|---|
| Monica I. Salis | - | Public Arbitrator, Presiding Chairperson |
| Stephanie Jeannette Charny | - | Public Arbitrator |
| Marc Elias Narotsky | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

## <u>Concurring Arbitrators' Signatures</u>

*Monica I. Salis*
_____
Monica I. Salis
Public Arbitrator, Presiding Chairperson

**03/12/2025**
_____
Signature Date

*Stephanie Jeannette Charny*
_____
Stephanie Jeannette Charny
Public Arbitrator

**03/12/2025**
_____
Signature Date

*Marc Elias Narotsky*
_____
Marc Elias Narotsky
Public Arbitrator

**03/12/2025**
_____
Signature Date

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

March 12, 2025
_____
Date of Service (For FINRA Dispute Resolution Services use only)